Watson
vs.
Dale.

[a] Hughes on Ins. 41.

[b] 2 Maul. & Sel. 485.
[c] 2 New R. 283 291, 307----1 Pet. 162.

---

### WILLIAM J. WATSON vs. SAMUEL DALE.

*Error from Dallas Circuit Court*—Before the Hon.
REUBEN SAFFOLD.

Where a party relies on an indorsed payment on a note, so as to estop the operation of the statute of limitations ; such payment must be proved to have been made at the time it bears date.

The replication to the plea of the statute of limitations, of a subsequent credit or payment, should set out the payment credited, so as to render it available as evidence of a subsequent promise.

This was an action of assumpsit; to recover the amount of a promissory note. Among other pleas, the defendant pleaded

the statute of limitations. To this plea, the plaintiff filed his replication, alleging that the defendant was for a long time, to wit, one year of the six years next before the commencement of the suit, absent from the state. A verdict was rendered for defendant, and the plaintiff took a bill of exceptions—which shows, that on the trial of this cause, the plaintiff offered in evidence a note, drawn by defendant and others, for twenty one hundred and sixty dollars, payable to N. Shackleford, or bearer, on the first day of January, 1819, and dated the twenty third of August, 1817.

On the note was indorsed the following credit—" Received, 15th May, 1819, three hundred and fifty two dollars."

The plaintiff offered evidence in support of his replication, that the defendant went to the state of Georgia, on the first of April, 1824 or 1825, and returned a short time before the general election.

The counsel for the plaintiff, prayed the court to charge the jury, that the statute commenced running from and after the 15th May, 1819—the date of the credit on the note. The court refused to give this charge, but instructed the jury, that under the issue, the statute commenced running from the maturity of the note, and that to render the payment available, as evidence of a subsequent promise, it should have been set out in the replication. There was no evidence offered respecting the credit ; but on the refusal of the court to give the charge prayed, and on the instructions given, the plaintiff assigned errors in this court.

GOLDTHWAITE, for Plaintiff.

WILSON, contra.—Saunders on Evid. 452.

By Mr. Chief Justice LIPSCOMB :

This action was brought on a note of hand, made by the defendant, Dale, to N. Shackleford, or bearer, due the 1st of January, 1819. A credit is indorsed on the note, dated 15th

May, 1819. The plaintiff, as bearer of the note, commenced suit on the 3d day of June, 1825. The defendant among other pleas, pleaded the statute of limitation. To which plea the plaintiff replied, that the defendant had, after the maturity of the note, been absent from, and out of the state, a long time, to wit, one year. On this special replication, issue was joined, and there was a verdict for the defendant.— Pending the trial, a bill of exceptions was tendered by the plaintiff's counsel, and signed and sealed by the presiding Judge. So much of it as we consider material to the case, is in the words following, viz :

"The plaintiff's counsel offered in evidence, in support of his replication to the plea of the statute of limitation, that the defendant went to Georgia on the first of April, 1824 or 1825, and returned a short time before the general election. The counsel for the plaintiff prayed the court to charge the jury, that the statute commenced running from and after the 5th day of May, 1819, the date of the credit endorsed on the note; which charge, the court refused to give; but charged the jury, that under this issue, the statute commenced running from the maturity of the note, and that to render the payment available as evidence of a subsequent promise, it should have been so set out in the replication; to which charge, and the refusal of the court to give the charge prayed, the plaintiff, by his counsel, excepts.

"P. S.—There was no evidence offered respecting the credit. The defendant's counsel, however, commented on it in argument."

It is not very material in this case, to decide whether a subsequent promise should be specially pleaded, or given in evidence. It seems, that on principle, it must depend on another, on which there has been considerable contrariety of opinion— that is, whether the action in such cases is founded on the original consideration, revived by the subsequent promise, or founded on the subsequent promise, referring only to the original undertakings, as constituting a valid consideration in law.

If the former be the correct principle, it would seem to me that the subsequent promise could be given in evidence under the general replication to the statute ; but if the latter be correct, then it would seem that it ought to be specially pleaded. It is believed to be well settled, that a payment made, will stop the running of the statute.

If the replication to the plea of the statute, had been general, or a subsequent promise had been specially set up by the replication, in either case, on proof of a payment having been made, the statute would have commenced running from the date of such payment.

The replication is, however, special, and sets up no subsequent promise, either expressly or constructively. It alleges the absence of the defendant from the state ; on this issue was taken, and an absence for some time from the state was proved, but not long enough to prevent the bar, if the statute commenced running from the maturity : sufficiently long, however, if the date of the credit indorsed on the note could be assumed as the time when it should commence.

If the payment had been proved to have been made at the time the credit indorsed bore date, that would certainly, under the issue, have been the time at which the statute commenced to run. In the case of *Shelton* vs. *Shelton*, decided in this court, it was ruled, that where an indorsed credit on a note, is relied on for the purpose of taking the case out of the operation of the statute of limitation, such payment must be proved to have been made at the time it bore date.

The bill of exceptions shows us, that there was no proof of the payment, and in the absence of such proof, the date of the maturity of the note was very properly referred to, as the time ; without such proof, the charge was wholly irrelevant, and could not change the result, whether right or wrong.— The statute interposed a bar without proof of the payment.

We are bound to believe, that the court below looked upon this absence of proof of payment, as a material and important feature, constituting a fatal defect in the plaintiff's right of recovery. The judgment must be affirmed.