176 So. 315

## STANFORD v. STATE.

### 8 Div. 559.

Court of Appeals of Alabama.

June 15, 1937.

Rehearing Denied June 29, 1937.

Bradshaw & Barnett, of Florence, for appellant.

A. A. Carmichael, Atty Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Bastardy proceedings under provision of section 3416 of the Code of Alabama, 1923. In said statute, it is provided that any single woman who is pregnant with a bastard child, or who has been delivered, that is to say, given birth to a bastard child, may make a complaint on oath to any justice of the peace of the county where she is so

544

pregnant, or, any justice of the peace of the county in which the child was delivered, accusing any one of being the father of said child, whereupon such justice must issue a warrant against such person, and cause him to be brought before him, to answer such charge.

■ It has been definitely held that if the complaint was made pending pregnancy it must be before a justice of the county in which the prosecutrix at that time lives or has her habitation. But if the complaint is not preferred until after the birth of the child, it must be made before a justice of the county in which the child was born.

■ In the instant case it affirmatively appears, from the undisputed evidence, that the child in question was born in Jefferson county, Ala., on the 23d day of June, 1934. This proceeding, or prosecution, was started before a justice of the peace in Lauderdale county on October 12, 1934, the said child at the time being about four months old.

As stated above, in order for the circuit court of Lauderdale county to have had jurisdiction, it would have been necessary that the prosecution be started in Lauderdale county while the prosecutrix was pregnant, and before she was delivered of the child. This not having been done, and the child having been born or delivered in Jefferson county, Ala., that county (Jefferson) is the place of venue for the prosecution of this suit. State v. Woodson, 99 Ala. 201, 13 So. 580, 581. In said case, the state prosecuted the defendant for bastardy. The proceeding was instituted before a justice of the peace in Crenshaw county, charging the defendant Woodson with bastardy. The statute was then, in all of its essential elements, as it now is, and our Supreme Court, through its Chief Justice Stone, said: "Many years ago this statute was interpreted by this court, and it was held that, if the complaint was made pending pregnancy, then it must be before a justice of the county in which the complaining prosecutrix, for the time being, is, or has her habitation. On the other hand, if the complaint is not preferred until after the birth of the child, it must be made in the county in which the child was born. Pruitt v. Judge County Court, 16 Ala. 705; Wilson v. Judge, etc., 18 Ala. 757. In Williams v. State, 29 Ala. 9,—a bastardy case, —this court said: 'A proceeding in bastardy can be commenced only before a justice.

His jurisdiction to proceed in the summary mode provided by the Code depends upon the existence of the following preliminary facts: (1) that a woman should make a complaint on oath to him, accusing a particular person of being the father of the bastard child with which she is pregnant, or of which she has been delivered; (2) that the woman making the complaint is a single woman; that she is so pregnant, or has been so delivered, in the county of which the justice acts as justice.' We may add, this is the only interpretation of the statute its language permits us to give to it.

"The affidavit for the warrant of arrest in this case was made before a justice of the peace of Crenshaw county on March 20, 1891. This was the institution of the proceeding, and the warrant of arrest bears the same date. Prosecutrix made oath 'that she is now, and was a single woman on the 5th day of January, 1889, and that she was delivered of a bastard child on the said 5th day of January, 1889, in Macon, Ga., but that she was pregnant with said child in Crenshaw county, Ala., and that conception took place in said county and state.' In the circuit court, on motion of defendant, the proceedings were dismissed, by order of the court, because the affidavit of complaint clearly showed that neither the justice of the peace nor that court had jurisdiction of the case. The charge was not made, nor the warrant for the arrest sued out, while the prosecutrix was pregnant. Hence it was not enough that she was then in Crenshaw county. She had been delivered of the child, and, to give the justice or the circuit court local jurisdiction, it was essential that she should have been 'delivered' in that county." See, also, Coan v. State, 25 Ala.App. 62, 141 So. 262.

■ The point of decision hereinabove discussed and decided was properly presented (1) by requesting the affirmative charge, and (2) in the motion for a new trial. Error prevailed in these rulings of the court. The judgment of the circuit court of Lauderdale county, from which this appeal was taken, is reversed. It affirmatively appearing that the offense complained of, if committed, was in the year 1934, hence the statute, section 3422 of the Code 1923, has intervened, and as no conviction can be had or sustained in this proceeding, an order is here rendered discharging the defendant from further custody.

Reversed and rendered.