301 So.2d 541

**Clarence HUNTER, Jr.**

v.

**STATE of Alabama.**

**SC 754.**

Supreme Court of Alabama.

Oct. 3, 1974.

Parker, Wilkinson & Purvis, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Mary Lee Stapp, Jamie L. Pettigrew, Asst. Attys. Gen., for the State.

BLOODWORTH, Justice.

After a jury trial in the Circuit Court of Jefferson County, appellant, Clarence Hunter, Jr., was adjudged guilty of being the father of three illegitimate children born to Ms. L————. Following separate verdicts of paternity, the trial judge entered a judgment thereon and ordered appellant to pay support for the children. The appeal is from this judgment.

Two issues are presented to us by this appeal: whether the trial court properly charged the jury that defendant had the burden of proof as to the statute of limitations; and, whether the trial court properly sustained objection to defendant's question to the children's mother as to whether she had hired a special prosecutor. We have concluded the trial judge was in error in both instances and reverse and remand. We now proceed to deal with these two issues.

Tit. 27, § 12(9), Code of Alabama 1940 (Recompiled 1958), provides:

"§ *12(9). Limitation on paternity proceedings.*—Proceedings under this chapter shall not be brought after the lapse of two years from the birth of the child, unless in the meantime, the reputed fa-

ther has legally acknowledged paternity or has supported said child."

The appellant properly raised this issue as to the statute of limitation, for the undisputed evidence shows (and the original complaint shows on its face) that two of the children were born more than two years prior to the filing of the original complaint. The jury was orally charged by the trial judge that before it could decide the ultimate issue of paternity, it must first determine whether the defendant had supported the two children before the expiration of two years from the birth of the children and within two years prior to the filing of the . complaint. The appellant finds no fault with these instructions. However, the trial judge went further, and with respect to the burden of proof as to such issue, charged the jury, viz.:

*"The burden of proof is on the defendant to satisfy you as to the statute of limitations and the burden of proof is on the State to prove to your reasonable satisfaction with reference to the first child, the paternity of the first child as it respects the former husband of Ms. L———— and I just repeat that the law presumes innocence in this case."*

"Now ladies and gentlemen, I said it was a little complicated and it is. I have prepared, or have had prepared, forms of verdict which you all will take out with you in this case. In the case of J———— and in the case of T ————, you are going to be asked a question, and it is written out here; in the case of T————, who is the oldest child, the question is did the defendant support the minor child, T———— L————, before the expiration of two years from the birth of said child and within two years before filing the Complaint on July 31, 1973. Now this question which you are going to take out with you, this—the defendant is asserting the statute of limitations. *In so asserting, the burden of proof is on the defendant to reasonably satisfy you from the evidence that he did not support these two children within the*

*time set forth in this question here."* [Our emphasis.]

Appellant, out of the presence of the jury,[1] duly excepted to those portions of the oral charge dealing with the burden of proof.

The basis of appellant's contention is that the second clause of the statute [Tit. 27, § 12(9)] carves out an exception to the two-year period of limitation; and, thus, the plaintiff-state had the burden of proving (in the instances of the two children) that its case against appellant fell within this exception. With this contention we must agree.

Although this Court has never directly passed on this issue, the correctness of appellant's contention is implicit in the construction placed by this Court, and the then Court of Appeals, on the corresponding section of the now repealed "bastardy" statute [Tit. 6, § 7, Code of Alabama 1940 (Recompiled 1958)]. With the exception that it lengthens the period of limitation from one year to two years, the limitation provisions of the paternity statute [the "DeGraffenreid Act"] are identical with like provisions of the older "bastardy" statute. [See comparison of the two statutes by Judge Cates for the then Court of Appeals, in Ward v. State, 42 Ala.App. 529, 170 So.2d 500 (1964).]

■ It is the rule of our cases that he who has the burden of proof on an issue will lose if no evidence is presented on such issue or if the evidence is equally balanced. Lester v. State, 270 Ala. 631, 121 So.2d 110 (1960); Ex parte State of Alabama (Vaughn v. State), 293 Ala. 365, 304 So.2d 6, [M.S., September 12, 1974].

In Roszell v. State, 19 Ala.App. 462, 98 So. 35 (1923), the Court of Appeals held, in an appeal from a bastardy proceeding, viz.:

"In the instant case the complaint made November 25, 1921, upon which the warrant of arrest was issued, which brought the defendant into court, was the commencement of a new prosecution against the defendant. There was no evidence that the defendant had contributed to the support of the bastard child or that he had acknowledged its paternity. The complaint of March 19, 1918, was not introduced in evidence on the hearing before the justice of the peace, and did not come into the trial until the case reached the circuit court. The defendant made appropriate objection at every stage of the proceedings before the justice of the peace and in the circuit court. Having been put to trial in the justice court on the complaint made November 25, 1921, the defendant was entitled to the general affirmative charge on his plea of statute of limitations of one year. Section 6370, Code 1907."

Of like import is Crawford v. State, 25 Ala.App. 417, 147 So. 686 (1933), similarly a "bastardy" case, wherein it was held:

" * * * The child was born December 3, 1930, more than twelve months before the beginning of the prosecution. The evidence tended to prove that the defendant recognized his responsibility for the pregnancy of prosecutrix, before the birth of the child, but not afterwards."

\* \* \* \* \* \*

"The prosecution in this case having been begun more than twelve months after the birth of the child, and the defendant not having, after the birth of the child and within twelve months of the beginning of the prosecution, acknowledged or supported the child, the defendant was entitled to be discharged."

See also, Stanford v. State, 27 Ala.App. 543, 176 So. 315 (1937), cert. den., 234 Ala. 544, 176 So. 316 (1937).

---

1. We note that this procedure is in accord with Rule 51, A.R.C.P. Our former practice required exception to the oral charge to be taken in open court before the jury retired. See cases collated at ☜273, 275, Trial, Vol. 18A, Ala.Dig.

In each of these decisions, it affirmatively appeared that the action had been brought after the lapse of the statutory period. In each case, no evidence was adduced that the putative father had or had not supported the child within a year [the then statutory limitation] before the bringing of the action.

If, as the State contends, the burden of proof as to this issue rests with the appellant, then in each of these cases cited, the defendant would not have been entitled to be discharged on a mere showing of the running of the statutory period. Rather, he would have been put to proving the "negative," that he had "not supported" the child after the running of the one-year bar.

■ The statute itself by the use of the words "unless in the meantime" carves out the exception or saving provision which tolls the running of the period of limitation. We have held that when it affirmatively appears that a cause of action is time barred, the plaintiff has the burden of proof to show any special circumstances existing which would prevent the running of the statute. Tarlton v. Tarlton, 262 Ala. 67, 77 So.2d 347 (1955); Woods v. Sanders, 247 Ala. 492, 25 So.2d 141 (1946); Hall v. Hulsey, 271 Ala. 576, 126 So.2d 217 (1961); Thompson v. Collier, 170 Ala. 469, 54 So. 493 (1911); Smith v. Duvall, 201 Ala. 425, 78 So. 803 (1918); Knight v. Clements, 45 Ala. 89 (1871); Land v. Craig, 271 Ala. 580, 126 So.2d 221 (1961).

This Court has held, in a suit on a note brought after the expiration of the statutory period, that the plaintiff has the burden of proving part payment to remove the bar of the statute. Knight v. Clements, supra; Thompson v. Collier, supra; Land v. Craig, supra. We can perceive of no good reason why the same burden of proof should not apply as to the instant statute of limitations, particularly in view of the wording of the statute to which we have already alluded.

■ Therefore, we hold that the trial court erred in charging the jury that the defendant had the burden of proving that he did not support the two children before the expiration of two years from the birth of the children and within two years of the bringing of the action. The cause is due to be reversed and remanded with respect to the judgment as to the two children born more than two years before the bringing of the action.

The second issue arose out of the cross-examination of the chief complaining witness, Ms. L———, mother of the children, when counsel for appellant asked her the following question:

"Q (BY MR. PARKER) Ms. L———, did you hire Ms. Miglionico as special prosecutor in this case?"
\* \* \* \* \* \*
"THE COURT: I sustain the objection. Do not answer."

The sustaining of this objection is assigned as error.

In a long line of criminal cases, in this Court and in the Court of Appeals, it has been held competent for defendant to show the amount paid or promised to a special prosecutor employed by a witness to prosecute defendant because it directly relates to the question of the witness' bias or interest. The refusal to allow such question has been held to be reversible error. Dickey v. State, 197 Ala. 610, 73 So. 72 (1916); Ham v. State, 21 Ala.App. 103, 105 So. 390 (1925); Hembree v. State, 20 Ala.App. 181, 101 So. 221 (1924); Davidson v. State, 19 Ala.App. 77, 95 So. 54 (1923).

In these cases, the threshold question as to whether the witness had employed a special prosecutor was asked without objection. Clearly, if the amount paid such prosecutor is admissible to show bias and refusal thereof is held to be reversible error, it should be self-evident that the initial inquiry as to employment of a special

prosecutor is likewise admissible and is error to reverse if disallowed. In Wells v. State, 292 Ala. 256, 292 So.2d 471 (1973), this Court recently held it was error to refuse to permit cross-examination of a witness as to whether she had initiated a prosecution against defendant for another offense.

The State does not question the correctness of the rule, but contends it is applicable only to criminal cases, and does not apply in the case before us as it is a civil proceeding.

■ Tit. 27, § 12(2) ["DeGraffenreid Act"] provides: "The rules of civil procedure shall govern in such proceedings." However, a bastardy suit has long been regarded as neither strictly civil nor strictly criminal, but as partaking of the nature of both. It is said to be quasi-criminal in character. See cases collected at 3A Ala. Dig., Bastards ☞ No. 19.

■ Paternity proceedings must be initiated by complaint "under oath" in a court having power to "try and punish parents" [Tit. 27, § 12(1)]. After a complaint is filed, a warrant is issued for the defendant's arrest and he may be confined in jail or admitted to bail pending trial [Tit. 27, § 12(2)]. The circuit solicitor [now district attorney] is required to appear and "prosecute" and if the proceedings go against the accused, he is "found guilty" [Tit. 27, § 12(3), 12(4)]. Moreover, "The proceeding shall be entitled in the name of the state of Alabama against the accused as the reputed father." [Tit. 27, § 12(1)]

In the context here applicable, relating to the bias or prejudice of a witness, a paternity suit is sufficiently analogous to a criminal proceeding to bring to bear the rule applicable in criminal cases.

■ The mother of an illegitimate child is usually the principal witness against the defendant. Additionally, the statute provides that the support payments, awarded after a guilty verdict, may be paid directly to the mother. [Tit. 27, § 12(4)] In the case before us, the testimony given by the mother and that given by appellant-defendant were in irreconcilable conflict. The mother claimed the appellant virtually lived with her and fathered all three of her illegitimate children while the appellant claimed but a casual acquaintance with the mother and emphatically denied ever having had sexual intercourse with her at all. In such a situation, credibility (as affected by the possible bias or prejudice of the mother) would seem to be a critical issue.

We hold that the trial court erred to reversal in sustaining the State's objection to the question propounded to the mother as to whether she had hired a special prosecutor because it relates to the possible bias or interest of the witness.

The judgment of the trial court is reversed and remanded.

Reversed and remanded.

MERRILL, COLEMAN, HARWOOD, McCALL, FAULKNER and JONES, JJ., concur.

HEFLIN, C. J., and MADDOX, J., concur in the result.