This is a paternity suit.
The State appeals from an order of the Circuit Court of Madison County granting defendant-Horton's motion to dismiss.
The dispositive issue on appeal is whether the trial court after an ore tenus hearing erred in granting defendant's motion to dismiss. We find that it did not and affirm.
Viewing the record with the attendant presumption, we find the following: The defendant is a life-time resident of Madison County and has resided at the same address in Huntsville for the past twelve years. He is married and has two children ages eighteen and twelve. He has been an employee of South Central Bell for the last twenty-five years. At all times pertinent to this action, Mr. Horton has only been out of the State of Alabama for brief vacations, none of which exceeded two weeks.
The complainant, Ms. Darlene Fletcher, initiated this paternity proceeding on August 20, 1973, by executing a petition and affidavit. In her complaint, Ms. Fletcher alleged that the defendant had impregnated her in January, 1972, and as a result, a child was born on September 1, 1972.
Based upon these allegation, the Circuit Court of Madison County issued a warrant of arrest for the defendant on August 20, 1973. Due to the unexplained delay on behalf of the State, the warrant was not executed until November 9, 1977, over four years after its issuance.
The record further reveals that the defendant was first informed of the charges against him on the day of his arrest at his place of employment in November, 1977. In addition, there is uncontroverted testimony that the defendant had not known the complainant was pregnant or had he seen the child on more than one occasion. The defendant testified that he could not remember his activities or whereabouts on any given day in January, 1972; that he did not keep a diary or any other written record of his activities during that time, but that he was not the father of the complainant's child.
On May 11, 1978, more than five years after the alleged criminal act occurred, the trial court held a hearing to consider defendant's motion to dismiss the complaint. In essence, the defendant based his motion to dismiss on the unexplained four years delay between the issuance of the warrant and its execution. Specifically, the motion alleged that he had been prejudicially denied his right to a speedy trial and alternately that the State had failed to diligently prosecute the action pursuant to the Alabama Rules of Civil Procedure. Based upon the circumstances noted above, the trial court granted defendant's motion and the State appeals.
The State, as we perceive its argument, contends that paternity cases are civil rather than criminal in nature. Because cases of this nature are essentially civil, it is further contended that a defendant is not entitled to the constitutional protections afforded an accused in criminal prosecutions and, in particular, the defendant has no right to a speedy trial as is afforded him under the United States and Alabama Constitutions. U.S. Const., Amend. 6; Ala. Const., § 6 (1901). The State cites a number of cases in support of this proposition; however, upon close examination we note that none are applicable to the defendant's 6th amendment right to a speedy trial.[1] *Page 1095 
It has long been the law of Alabama that paternity proceedings pursuant to Code of Alabama 1975, §§ 26-12-1 etseq. are regarded as neither strictly civil nor strictly criminal; they are quasi-criminal in nature. Hunter v. State,293 Ala. 226, 301 So.2d 541 (1974). See also State v. Hunter,67 Ala. 81 (1880); Keel v. State, 35 Ala. App. 515, 49 So.2d 320
(1950). The offense of bastardy (paternity) is an offense against the peace and dignity of the State and, accordingly, the proceeding is sufficiently analogous to a criminal action so that certain appropriate rules applicable in criminal cases may apply to the action under the proper circumstances. Hunter,supra.
In Hunter, supra, the court held that a paternity suit is sufficiently analogous to a criminal proceeding to bring to bear certain evidentiary rules applicable to criminal prosecutions.[2] In support of its holding, the court cited a long line of criminal cases which were dispositive of the issue in question, and as a rationale for their applicability stated the following:
 "However, a bastardy suit has long been regarded as neither strictly civil nor strictly criminal, but as partaking of the nature of both. It is said to be quasi-criminal in character. See cases collected at 3A Ala.Dig., Bastards 19.
 "Paternity proceedings must be initiated by complaint `under oath' in a court having power to `try and punish parents' [Tit. 27, § 12 (1)]. After a complaint is filed, a warrant is issued for the defendant's arrest and he may be confined in jail or admitted to bail pending trial [Tit. 27, § 12 (2)]. The circuit solicitor [now district attorney] is required to appear and `prosecute' and if the proceedings go against the accused, he is `found guilty' [Tit. 27, §§ 12 (3), 12 (4)]. Moreover, `The proceeding shall be entitled in the name of the state of Alabama against the accused as the reputed father.' [Tit. 27, § 12 (1)]
 "In the context here applicable, relating to the bias or prejudice of a witness, a paternity suit is sufficiently analogous to a criminal proceeding to bring to bear the rule applicable in criminal cases." 293 Ala. at 230, 301 So.2d at 544-45.
Given the above noted reasoning, we find the following to be applicable to the instant appeal.
As a general rule, an unreasonable delay in making an arrest after the issuance of a warrant will require dismissal of the charges against the defendant where the defendant has been prejudiced. 6A C.J.S. Arrest § 51 (1975); Crawford v. State, Ala.Cr.App., 342 So.2d 450 (1977); Sellers v. State,48 Ala. App. 178, 263 So.2d 156 (1972). While the length of time between issuance of the warrant and its execution is relevant to establish an unreasonable delay, the charges against the defendant will be dismissed only when the defendant can show (1) that his ability to conduct his defense was prejudiced; (2) that he himself was not responsible for the delay; and (3) that the State ought reasonably have avoided the delay. Sellers,supra.
In the instant case, the record reveals that the delay between issuance of the warrant and its execution was four years. The defendant was at all times and for the past twelve years living at the same address in Huntsville. He occupied the same employment for twenty-five years. He was not absent from the state for any purpose other than infrequent vacations. In addition, the trial court heard absolutely uncontroverted testimony which indicates that at the time of the trial, five years after the alleged offense, the defendant could not recall his activities on any given day in January, 1972, and thus, could not adequately defend himself. The record further reveals that the State could and did not produce any evidence explaining its failure to arrest the defendant within a reasonable *Page 1096 
time after it obtained the warrant. Accordingly, we hold that in this instance the delay and the attendant prejudice under these circumstances in a case of this nature resulted in a denial of the right to a speedy trial. Because the defendant was deprived of his right to adequately defend himself against the charge asserted against him, we find no error in the learned judge's dismissal of the State's complaint.
In view of the above, other contentions argued by defendant to justify the dismissal need not be considered.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] Keener v. State, Ala., 347 So.2d 398 (1977) holds that the burden of proof upon the State in a paternity action is the same as in any civil case. Ward v. State, 42 Ala. App. 529,170 So.2d 500 (1964), sets forth the rule that the constitutional prohibition against the application of ex post facto laws is not applicable to such proceedings. Marker v. State,25 Ala. App. 91, 142 So. 105 (1932), stands for the proposition that although paternity proceedings are quasi-criminal in nature, a plea of not guilty by reason of insanity may not be interposed by the defendant. Finally, Miller v. State, 110 Ala. 69,20 So. 392 (1895), provides that even though these proceedings are penal in nature, the prosecution's comment on the defendant's failure to take the stand is not reversible error.
[2] It is interesting to note that this holding largely contradicts the rule set forth in the earlier case of Miller v.State, supra, discussed in Footnote 1.