I feel that I must respectfully dissent. I recognize that there are statutory, factual and procedural distinctions between this case and the case of Little v. Streater,452 U.S. 1, 10, 101 S.Ct. 2202, 2207, 68 L.Ed.2d 627 (1981). However, there are also basic similarities. First, as in Streater, an Alabama paternity proceeding brought under §§ 26-11-1 to -9, Code of Alabama 1975, is an action in the name of the State and has long been classified as quasi-criminal in nature. Hunter v.State, 293 Ala. 226, 301 So.2d 541 (1974). Thus, there is constitutionally due some degree of due process. Second, the blood tests requested in this case are clearly those referred to and discussed at length in Streater. It is undisputed that the test already performed was a simple ABO blood type test, which revealed only that the mother, child and defendant were all the same blood type. Such test neither confirmed nor excluded the parentage of defendant. It is my opinion that such test, representing only one of the seven "systems" of the test described as effective to a 91% probability of negating paternity by the court in Streater, is of such little probative value as to be insufficient. I believe the denial of the benefit of the "seven systems" test, the only test recognized as reliable to aid the accused in his defense of the charge brought and prosecuted *Page 308 
by the State under statute (§ 26-12-3, Code 1975), because of his indigency, is a denial of the due process required byStreater. In the words of the court in Streater, "[T]o deny appellant blood grouping tests because of his lack of financial resources violated the due process guarantee of the Fourteenth Amendment."
The contention of the State that mandamus is not proper in this case because the denial or granting of the blood test is discretionary will not stand. The right to due process is not discretionary but is mandatory.
I would therefore enter the writ of mandamus directing the court below to order the mother, child and defendant to submit to the "seven systems" blood test, the only test found to be reasonably sufficient to aid the court in determining whether the accused may be excluded as the father of the child. Further, there being no apparent dispute as to the indigency of the accused, I would direct the court to order the cost of such test be assessed against the county.