ELI WITT CIGAR & TOBACCO COMPANY, *Plaintiff in Error,*
v. E. X. SOMERS, *Defendant in Error.*

En Banc.

Opinion filed March 18, 1930.

*McCaskill & McCaskill,* for Plaintiff in Error;

*Worley & Worley,* for Defendant in Error.

ANDREWS, Commissioner:

Summons issued on April 26, 1924, pursuant to praecipe filed by plaintiff, defendant in error here, naming the "Eli Witt Cigar Company, a corporation," defendant. John M. Carlisle, being personally served with process, appeared "specially," and on June 2, 1924, moved to quash process upon the ground that he had no connection with the party named as defendant. Without any action on or apparent attention to the motion to quash, plaintiff, on July 7, 1924, filed his declaration for personal damages naming the same defendant. On January 3, 1927, some two and one-half years thereafter, plaintiff filed what he termed an amendment to the writ of summons and the declaration, and six months thereafter, on August 9, 1927, filed praecipe for alias summons which was served upon John M. Carlisle, naming the "Eli Witt Cigar & Tobacco Company" as defendant, to which formal appearance was duly filed September 3, 1927. On October 3, thereafter, plaintiff filed his praecipe for default for failure of defendant to plead or demur, and on the same day defendant filed its motion to dismiss the cause as follows:

"Comes now Eli Witt Cigar & Tobacco Company, a corporation, heretofore served as a defendant herein and which summons was returnable to the rule day

in September, 1927, and says that no Declaration has been filed herein against it and moves the court to dismiss said cause for failure to so file said Declaration in accordance with Circuit Court Rule 13."

On the next day, October 4, default was entered by the clerk against "Eli Witt Cigar & Tobacco Co., a corporation," "for failure to plead, answer or demur." On November 14, 1927, the court being in Fall Session, a jury was impanelled and assessed damages of $1,000.00, upon which judgment was entered by the court on the same date; all, as alleged, without the knowledge of the defendant. On November 16, at the same term, defendant filed its motion to set aside default and final judgment on the ground that the clerk wrongfully entered same in that at the time of the entry defendant's motion to dismiss was on file, pending and undisposed of. Proposed pleas, signed and sworn to by John M. Carlisle, president of Eli Witt Cigar & Tobacco Company, a corporation, setting up what appears to be a valid defense if sustained by proof were attached to the motion. The court entered its order January 23, 1928, denying defendant's motion to open default and set aside final judgment, as follows:

"The default was entered against the defendant on October 3, 1927, based upon an alias summons issued August 9, 1927, and personally served on August 10, 1927. This entry of a default was during the Spring Term 1927 which commenced the second Tuesday in May. The Fall Term of the court commenced the second Tuesday in November, which was November 8, 1927, so the motion was not filed during the term at which the default was entered. Section 2621, Revised General Statutes provides that the court may open a

default if the application therefor be made within sixty (60) days from the time of the entry of such default, unless the Term of the court shall in the meantime be held, when such application must be made during the Term. The application was made after the term of the court, and, therefore, the application must be denied. And no motion for a new trial has been filed by the defendant.''

The motion of defendant filed November 16, 1927, to set aside default entered on October 4, 1927, and final judgment entered November 14, 1927, was denied by the court on the ground (as stated in the court's order) that the said motion was not filed during the previous or spring term at which the default was entered, as required by Section 4287, Comp. Gen. Laws of Florida (1927) which provides that the court may open a default if the application therefor be made within sixty days from the time of the entry of such default ''unless a term of the court shall in the meantime be held, when such application must be made during such term.''

The only error assigned is ''the court erred in denying the said motion to vacate the default judgment entered herein on the rule day in October, 1927, and the final judgment entered on November 14, 1927.''

''Meantime'' means ''the time during the interval between two given dates.'' The statutory requirement that a motion to set aside a default may be filed any time within sixty days after entry of such default ''unless a term of the court shall in the meantime be held;'' the quoted portion has reference to the ensuing or next term, and not the term at which default was entered. Therefore, the fall term in this instance would be ''a term'' of court ''in the meantime held,'' within the sixty day limit,

and defendant would not be barred from filing his motion to set aside default at the fall term.

We are not unmindful of the rule that a correct ruling will not be disturbed because a court may assign a wrong reason for the ruling (Reynolds v. Smith, 49 Fla. 217, 38 So. R. 903) and if the trial court's order denying the motion was correct, it should not be held error merely for giving a wrong reason.

Said Section 4287, Comp. Gen. Laws of Florida (1927) was originally enacted as Section 6 of Chapter 1938, Act of February 24, 1873, when terms of circuit courts lasted from less than one to a few weeks and a judicial circuit consisted of several counties, and when there were only seven circuits in the entire State. It could not be contemplated at that time that a spring term of the circuit court would expire and the fall term of the circuit court begin within a month in the same county.

The statutory limit for opening or setting aside defaults does not apply to those entered by the clerk without authority. Ex Parte Jones, 92 Fla. 1015, 110 So. R. 532; Mickler v. Reddick, 38 Fla. 341, 21 So. R. 286.

It is also the general rule that orders, decrees or judgments made through mistake may be opened, vacated or modified at any time on the proper showing made by the parties injured. Alabama Hotel Co. v. Mott Iron Works, 86 Fla. 608, 98 So. R. 825, 1 Black on Judgments, Sec. 335; 15 R. C. L. 709.

Defendant alleges that he knew nothing of the entry of the default on October 4, and had been relying upon his understanding that a clerk could not enter a default while a motion was pending raising a question on the pleadings undisposed of.

If a motion to dismiss filed by the defendant, within the time allowed by the statute for filing a plea of demurrer

be of such a character that a plaintiff would be justified in treating it as a nullity, he may disregard it, and cause the clerk to enter a default for failure to plead or demur; but if the motion be not of that character, no default can be entered until the motion is disposed of. Dudley v. White, 44 Fla. 264, 31 So. R. 830; Cobb v. Trammell, 73 Fla. 574, 74 So. R. 697.

Defendant's motion to dismiss is based upon the ground "that no declaration has been filed herein against it"—The Eli Witt Cigar & Tobacco Company, a corporation — "in accordance with Circuit Court Rule 13." Said Rule 13, provides that "All declarations shall be filed on or before the rule day to which the process is made returnable. If not thus filed no default for want of appearance shall be entered."

It is observed that the defendant filed its motion to *dismiss* on the rule day succeeding the rule day to which he appeared to the amended process, and said motion was, therefore, on file the day before default was entered on October 4, 1927. Defendant appears to have assumed that the paper filed by plaintiff January 3, 1927, to amend his declaration and process was no amendment under Circuit Court Rule 19 in law cases which provides as follows:

"No plea in abatement for a misnomer shall be allowed in any personal action, but in such case the defendant shall be at liberty to require the declaration to be amended at the cost of the plaintiff by inserting the right name upon an order of the court or judge, founded on an affidavit showing the right name; and in case such application shall be discharged, the cost of the same shall be paid by the party applying. The plaintiff in all such cases of misnomer, where the true defendant has been served, or has appealed, (ap-

peared), shall have the right to amend his declaration and writ by *inserting* the right name, without the order of the court or judge.''

The clerk in entering the default, appears to have relied upon the last sentence of said rule 19, providing that the plaintiff in all cases of misnomer where the ''true defendant'' has been served or has appeared, shall have the right to amend his declaration and writ ''by inserting'' the right name without the order of the court; in that the ''true defendant'' was served with the amended process and appeared. But plaintiff in error insists ''no declaration'' was filed as the name of the true defendant was not ''inserted'' in the declaration. An examination of the copy of the original declaration filed July 7, 1924, in the transcript, fails to show any change or amendment on the face of same; however, a separate paper was filed as follows:

''Now comes the plaintiff, E. X. Somers, by his attorneys, Worley & Worley, and amends the writ of summons and his declaration in this cause in this respect only, to-wit: That wherever the name of Eli Witt Cigar Company appears in either the said Writ or the said declaration that the same is hereby amended to read 'Eli Witt Cigar and Tobacco Company,' said amendments being made in accordance with Rule 19 of the Circuit Courts of the State of Florida in law actions.''

Defendant in error maintains that upon the filing of the above it became a part of the declaration, and as defendant was served with the amended process and appeared, he should be held to have had notice of the amendment to the declaration.

Evidently it was the intent of said rule 19 to require

the amended name either to be interlined by insertion into the original declaration or by redrafting it to include the amendment, as the word "inserting" in the sense used here evidently means "introduce into written matter." It is not clear that the rule is fully complied with by merely filing a separate paper which may become separated or lost from the paper of which it is supposed to be an important substantial part. Whatever may be the custom in making amendments as to parties plaintiff or defendant —which may become an important jurisdictional step in the case—this Court has never given its sanction to the method of amending used in this case.

The motion to dismiss therefore should not have been considered a nullity or frivolous, and perhaps on the other hand the defendant should not have assumed that his motion would not be so considered; likewise the plaintiff should not have presumed that after causing a new amended process to be issued and served he should not have also filed a new amended declaration or "inserted" the name of the true defendant in the declaration first filed.

In view of the fact that the defendant has apparently caused no delay—unless it can be said that his motion to dismiss was a nullity or frivolous—and in view of the fact that the judge who tried the case would have probably opened up the default, except for a misconstruction of the statute as to when the clerk can enter defaults and when they may be opened up; and in view of the circumstances and the way the case was handled by the plaintiff, including the long delay attributable to him; justice would be best subserved by allowing the defendant the right to put in a defense.

This view is somewhat influenced by the fact that the declaration is in tort, for which unliquidated damages are

sought, which may materially differ from an ordinary suit on a promissory note or account stated and the like.

The order of the court denying the motion to set aside the judgment and open default is reversed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the order of the circuit court denying the motion to set aside the judgment and open default be, and the same is hereby, reversed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.