R. R. LAKE, *Petitioner,* v. WILLIAMS AND NOBBS, INC., a corporation, *Respondent.*

147 So. 221.

Division B.

Opinion filed March 14, 1933.

Re-hearing denied April 7, 1933.

*Julian Hartridge,* for Petitioner.

*Smith & Cavanagh,* for Respondent.

PER CURIAM.—In this case default and final judgments were entered in the Civil Court of Record in Duval County during a term of that Court. After the term of court adjourned, and within sixty days, the defendant moved to vacate the default and judgment consequent thereon. * * * The motion was granted. A new trial was had and resulted in a judgment in favor of defendant.

Plaintiff took writ of error from the Circuit Court. The Circuit Court held that the Civil Court of Record was without jurisdiction to vacate the default and final judgment consequent thereon, because the term of court at which the

judgment was entered had expired before the order vacating the same was made. The case is before us on certiorari to the judgment of the Circuit Court.

It is a general rule applicable in most cases that a court may not vacate, by an order made after the adjournment of the term, a judgment rendered at such term which is not void, but this rule does not apply to judgments entered upon default for want of appearance or plea where the motion to vacate the default is made within the time prescribed by statute after the entry thereof. See Eli Witt Cigar & Tobacco Co. v. Sommers, 99 Fla. 592, 127 Sou. 333.

The provisions of Section 2621 R. G. S., 4287 C. G. L., in effect are to extend the term at which a default is entered for want of appearance or plea, for the purpose of entertaining motion to vacate default to a period of sixty days from the date of entry of default, unless a subsequent term of the Court shall sooner intervene.

For this reason, the judgment of the Circuit Court must be quashed.

It is so ordered.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.