56 So.2d 920 (1951)
PERRIN
v.
ENOS.
Supreme Court of Florida, Division B.
December 11, 1951.
Rehearing Denied January 4, 1952.
*921 Hal H. McCaghren, West Palm Beach, for petitioner.
Andrew F. O'Connell and Joseph A. Peel, Jr., West Palm Beach, for defendant.
CHAPMAN, Justice.
The plaintiff-petitioner, Arthur J. Perrin, instituted a common-law action against Dixie B. Enos in the Circuit Court of Palm Beach County, Florida. She was personally served with process in the cause on the 21st day of August, 1951. On the 18th day of September, 1951, a default and final judgment in the sum of $1,651.53, with costs, was entered in behalf of the plaintiff, Arthur J. Perrin, and against Dixie B. Enos by the Honorable Jos. S. White, Circuit Judge.
The defendant, Dixie B. Enos, on October 16, 1951, through counsel filed in the lower Court her motion to set aside the default and final judgment previously entered against her on the grounds: (1) that she was not mentally or physically able to answer the complaint instituted against her, as shown by an attached affidavit made a part of the motion; (2) that the defendant was not indebted to the plaintiff as alleged in his complaint, nor does she owe the plaintiff the amount of money set out in the final judgment; (3) that she has an adequate and sufficient defense to the plaintiff's alleged cause of action and she offered to proceed immediately to try the issues presented by the pleadings.
The defendant simultaneously tendered a sworn answer to the complaint of the plaintiff and specifically denied that she borrowed the sum of $575 from the plaintiff between July 1, 1950 and June 1, 1951; that she has never borrowed any money at any time from the plaintiff; she denied that she ever purchased goods and wares of the plaintiff in the amount of $990.03; neither had she at any time authorized the plaintiff to expend any money in her behalf; that the only occasion plaintiff expended any sums of money in her behalf was when she requested him to purchase for her some medicines (which he did) and the total amount of the purchase did not exceed the sum of $10; that the plaintiff did some work on her automobile but failed or omitted to render a statement for the work  which amount she stands ready and willing to pay when advised of the correct amount.
In the affidavit of Dixie B. Enos, made a part of the motion to vacate and set aside the default and final judgment previously entered against her, is a recital to the effect that on the 16th day of August, 1951, she was involved in an automobile accident in which one woman was killed; the automobile was wrecked or badly damaged and affiant sustained injuries as a result thereof. Several legal hearings were had in connection with the accident in which the person was killed. The mental worries and turmoil, coupled with injuries sustained in the automobile accident, rendered it difficult for the defendant to concentrate or think about her personal affairs and process in the cause was served upon her some four or five days after the accident at a time that she was mentally unsound and unable to transact any sort of business.
The Court below heard the motion to open the default and set aside the final judgment, and, after argument of counsel on the 18th day of October, 1951, made and entered an order vacating and setting aside the default judgment previously entered on September 18, 1951. The plaintiff below and petitioner presented in this Court his petition for a common law writ of certiorari and prayed here for a judgment quashing the order of the lower Court dated October 18, 1951, and contends that said order is contrary to and a departure from the essential requirements of the law.
Counsel for plaintiff-petitioner contends that the Court below was without power or authority to vacate the final judgment entered in the cause under date of September 18, 1951, absence a showing of fraud, collusion, deceit or mistake in procuring the challenged judgment. It is argued that the Circuit Court of Palm Beach County began its Fall Term of court on the first Tuesday *922 after the first Monday in October. See Section 26.36, F.S.A. Counsel relies strongly on Section 50.10, F.S.A., viz.: "50.10 Opening of defaults. The court may, for good cause shown upon any default for want of appearance or plea, set aside such default, and allow the defendant to demur or plead within a period of time to be fixed by the said court; but the application therefor must be made within sixty days from the time of the entry of such default, unless a term of the court shall in the meantime be held, when such application must be made during such term."
This Court is committed to the general rule of law that all judgments, decrees or other orders of the Court, however conclusive their character, are under the control of the Court which pronounced them during the term at which they are rendered, or entered of record, and they may then be set aside, vacated, modified, or annulled by that Court. But it is a rule equally well established, that after the term has ended all final judgments and decrees of the Court pass beyond its control, unless steps are taken during the term, by motion or otherwise, to set aside, modify or correct them. Orders, decrees or judgments made through fraud, collusion, deceit or mistake may be opened or vacated or modified at any time on the proper showing made by the parties injured. Alabama Hotel Co. v. J.L. Mott Iron Works, 86 Fla. 608, 98 So. 825.
The point is made that the order challenged by the petitioner dated October 18, 1951, is contrary to the several terms and provisions of Section 50.10, supra. It is argued that the final judgment was entered on September 18, 1951, and the motion to open the default and set aside the final judgment was filed in the lower Court on the 16th day of October, 1951. Section 50.10, supra, provides that a motion to set aside a default may be filed at any time within sixty days after the entry of such default, "unless a term of the court shall in the meantime be held" within the sixty day period, at which time the motion could be presented and ruled upon during the ensuing term of court. The motion to set aside the final judgment was lawfully presented. See Eli Witt Cigar & Tobacco Co. v. Somers, 99 Fla. 592, 127 So. 333; Lake v. Williams & Nobbs, Inc., 109 Fla. 78, 147 So. 221.
The order vacating the final judgment was a discretionary ruling under Alabama Hotel Co. v. J.L. Mott Iron Works, supra, and other adjudications of this Court. When the challenged order was entered the trial Court had before him sworn statements to the effect that the respondent had sustained personal injuries in an automobile accident; that she had attended several court hearings incident to the death of the woman killed in the accident; and that she was suffering from pain and mentally unstable when served with process. She denied all debts and obligations under oath as claimed by the petitioner. It was these several incidents clearly appearing in the record that induced the trial Court to set aside the final judgment. See Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9.
The petition for a common-law writ of certiorari is hereby denied.
SEBRING, C.J., and ROBERTS and MATHEWS, JJ., concur.