JULIO COLÓN GANDÍA, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, MANUEL A. MOREDA, JUDGE, Respondent.

No. C-64-86.    Decided March 4, 1966.

R. *Fernández Negrón* for petitioner. *Juan B. Soto* and *Guillermo Cintrón Ayuso* for intervener, Editorial El Imparcial, Inc.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE HERNÁNDEZ MATOS delivered the opinion of the Court.

We review here the refusal of the trial court to allow the name of the sole respondent party to be completed at the beginning of a case in a claim for wages.

From February 1, 1957 until June 15, 1962, petitioner Julio Colón worked for the enterprise which owns and publishes the newspaper El Imparcial. His monthly salary was $200 until November 30, 1958 and $250 until he was discharged from his employment.

On June 11, 1964, relying on the provisions of Acts No. 379 of 1948 and No. 2 of October 17, 1961, he filed a complaint in the Superior Court, San Juan Part, against such enterprise claiming $29,888 for overtime in excess of

eight hours a day and $650 for vacation leave, a total of $30,538, besides an equal sum "for penalty of the law."

In the title of the complaint the defendant employer was designated with the following name: "El Imparcial, Inc., Respondent." Its paragraphs 1 and 2 state:

"1. That the respondent party is a corporation duly authorized to do business in Puerto Rico.

"2. That the respondent party operates a newspaper business and utilized the services of the petitioner from February 1, 1957 to June 15, 1962, when he was discharged."

A summons was served personally on June 16, 1964 "on Mr. Juan Francisco Soto, attorney, resident agent for El Imparcial to receive notices for El Imparcial, San Juan, Puerto Rico."

On the following June 24 Juan Francisco Soto filed a motion in the proceeding in which he accepted having been served "with copy of the order and of the complaint in the records of this case" and he alleged that he was not and had never been agent, director or representative of any corporation designated El Imparcial, Inc., stating that there was no corporation organized under that name. He requested that said notice be declared null and void.

The hearing for the motion of Juan Francisco Soto was held on July 3, 1964. His attorneys stated in the trial court that there had been constituted in Puerto Rico a corporation called El Imparcial, Inc., which had been the owner and publisher of El Imparcial; that it had been dissolved about ten years before—about 1954—that as successor of that newspaper enterprise the present corporation Editorial El Imparcial, Inc., had been organized for which Juan Francisco Soto was agent and representative in charge of receiving summons and subpoenas; a nonexistent person had been sued; that in order to claim wages from Editorial El Imparcial, Inc., a new complaint had to be filed, a new action had to be brought, and that the name of the respondent party could

not be amended by adding the word "Editorial" inasmuch as it was a different person from that originally sued.

The attorney for the petitioner stated, in synthesis: That "the documents we have from El Imparcial read El Imparcial, Inc. In the contract made with the petitioner it appears as El Imparcial, Inc., and that was why we used the name in that manner, just the way they have it"; that he understood that "both El Imparcial, Inc., and Editorial El Imparcial . . . has been the same corporation in spite of the alleged dissolution they claim, what would be in order in this case would be an amendment, so that instead of El Imparcial, Inc., it would read Editorial El Imparcial, Inc."

After this discussion the trial judge determined in open court:

".  . . Let a motion be filed requesting the joinder of a new party, but not amending that already existing. If the existing one were amended, it could not be amended in that sense . . . . What could be done is a joinder. Then we shall sustain the motion alleging that Juan Francisco Soto is not an agent, a representative or is in any way related to the El Imparcial, Inc., corporation. If our colleague wants to include a new respondent party, let him join it and summon it. He knows that regarding the Editorial El Imparcial, Inc., Juan Francisco Soto is agent and representative." (Tr. Ev. 10–11.)

On July 10, 1964 in a "Motion for the Correction of the Name of Respondent," petitioner stated:

"1. That when petitioner filed this action he had and has had the intention of filing it against the Corporación Editorial El Imparical, Inc.

"2. That to that effect Juan Francisco Soto was summoned on June 16, 1964 as agent for the Corporación Editorial El Imparcial, Inc.

"3. That because of an involuntary error the name of the Respondent was put down as El Imparcial, Inc.

"4. That at the hearing held in July 1964 Mr. Juan Francisco Soto appeared in open court and admitted being agent-representative for the Corporación Editorial El Imparcial, Inc.

"THEREFORE, it is requested that this Honorable Court order the name of the Respondent to be amended as to include the concept Editorial."

The foregoing motion was dismissed outright on July 15, 1964.

The petitioner challenges those determinations as improper. He maintains that he had a clear right to amend the title of his complaint, that the refusal constituted an obvious and prejudicial abuse of its discretion and that it was not proper to include as a new party a juridical person which had originally been made respondent party, even if it had been designated by an erroneous name.

We agree with the petitioner. The concurring circumstances justified the petitioner's allegation stated in his motion of July 8, 1964: "1. That when petitioner filed this action he had and has had the intention of filing it against the Corporación Editorial El Imparcial, Inc. . . . 3. That because of an involuntary error the name of the Respondent was put down as El Imparcial, Inc."

As the distinguished attorneys Soto and Cintrón Ayuso stated on July 3, 1964 at the trial court the original corporation El Imparcial, Inc., had been dissolved for ten years —that is, since 1954—it did not exist, it was dead and in its stead, as newspaper enterprise successor of the extinct "another one was born, which is called Editorial El Imparcial, Inc."; petitioner identifies the respondent party in his complaint as an enterprise "which operates—it refers to June 1964—a newspaper business which employed him on February 1, 1957 and discharged him on June 15, 1962; petitioner had the summons served on Juan Francisco Soto as agent and representative of "Editorial El Imparcial, Inc.," he reported to the Court that: "All the documents we have from El Imparcial read El Imparcial, Inc. In the contract made with the petitioner it appears as El Imparcial, Inc., and that was why we used the name in that manner, just the

way they have it." Obviously, there was no valid reason to understand seriously that employee Julio Colón was claiming salaries from a nonexistent enterprise to which he could not have possibly rendered services between 1957 and 1962.

It all clearly indicated that the true enterprise against which the claim was originally intended was the Editorial Imparcial, Inc., and that an error was inadvertently committed when it was designated El Imparcial, Inc., which name coincided with that of the preceding corporation, dissolved 14 years before the legal claim was started and whose existence and dissolution the petitioner might have even ignored.

■ It was not proper, therefore, to include as a new party in the case a person which actually had been sued, even if it was by an erroneous name and which had been summoned through his agent and representative in charge of receiving summons or subpoenas.

It is true that it was ordered in the Summons to serve the respondent party designated El Imparcial, Inc. Yet the person served was the representative for Editorial El Imparcial, Inc., as we have already stated.

Rule 13.1 of the Rules of Civil Procedure of 1958, sanctions the power of the court to amend the pleadings and leave to amend "shall be freely given when justice so requires."

Rule 4.9 states that:

"At any time, in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

■■ Under the power vested on the courts by the aforesaid Rule 4.9, in the use of their discretion the courts may order a summons or subpoena to be amended, so as to adjust it to reality, when it deals with situations in which the name of the person one wishes to sue has been designated er-

roneously. It has been decided that such situation shall be considered as mere technical errors especially if the person sought to be sued, or his authorized agent, has been actually summoned. *M. Lowenstein & Sons, Inc.* v. *American Underwear Mfg. Co., Inc.*, 11 F.R.D. 172 (1951); *Robbins* v. *Nagelberg et al.*, 8 F.R.D. 36 (1948). *Grawdey* v. *Pacific Indemnity Company*, 217 F.2d 27 (1954), *United States* v. *A. H. Fisher Lumber Co.*, 162 F.2d 872 (1947); I Barron & Holtzoff, Federal Practice and Procedure 748, § 186; 2 Moore, Federal Practice 1295, § 4.44.

█ It has been held that whenever the amendment requested does not have the effect of substituting or including new parties which have not been served in the proceeding, and over whom the court has not acquired jurisdiction, and when there is no doubt regarding the *intention* of the petitioner as to the person he had meant to sue, having actually served summons on said defendant, or his authorized agent, the court acts properly in allowing the amendment to correct the name of said respondent. *Kind Land & Improv. Co.* v. *Bowen*, 61 So. 22 (1913); *Eli Witt Cigar & Tobacco Co.* v. *Somers*, 127 So. 333 (1930), *Atlantic Coast Line R. Co.* v. *Cook*, 64 S.E. 665 (1909), Anno.: *Amendment of Process of Pleading by Changing or Correcting Mistake in Name of Party*, 124 A.L.R. 86. *Misnomer in Summons—Amendment*, 48 Mich. L.R. 719, *What's in a Name?* 14 Nebr. L. Bull. 343.

Moore states the following:

"Some difficulty may arise in cases involving a misnomer of the defendant. In *Sweeney* v. *Greenwood Index-Journal Co.* the true corporate name of the defendant was "The Index-Journal Company"; it was engaged in publishing a newspaper at Greenwood, S.C.; the summons named the defendant as "The Greenwood Index-Journal Co., Inc." The court held the defect to be one of substance which could not be amended, on the ground that the case was not one of mere misnomer but that to allow an amendment would in effect permit the introduction of a different party defendant. *This ruling seems incorrect* when it is

considered that the summons and complaint had been served on the secretary-treasurer of the defendant, that the complaint for libel must have prevented any misunderstanding as to the defendant intended to be sued, and that dismissal of the suit would result in the statute of limitations operating as a bar. *The test should be whether, on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person.* And this test should apply though the amendment is sought after the statute of limitations has run as to the person or entity misnamed in the process." (Italics ours.)

■ In these claims for wages, pursuant to § 8 of the aforementioned Act No. 2 of October 17, 1961, "no complaint shall be dismissed for defects in form only."

For the reasons stated, in furtherance of justice, petitioner shall be permitted to file an amended complaint so that the name of the respondent party shall read: "Editorial El Imparcial, Inc."

The order appealed from entered in open court on July 3, 1964 shall be set aside, as well as the order rendered in writing on July 15, 1964, and petitioner shall be allowed a 10-day term to file an amended complaint in the form indicated.[1]

---

[1] See *Matos Velázquez* v. *Proctor Manufacturing Corp.*, 91 P.R.R. 44 (1964). That case dealt with truly fundamental amendments. We upheld the order which permitted them.