This is a paternity suit.
The Circuit Court of Madison County granted the reputed father's motion to dismiss. The trial court's action was bottomed on the premise that the complaint was barred by the statute of limitations. The State contends the statute of limitations was tolled and therefore had not run. We agree with the trial court and affirm.
At the outset, we note Code of Ala. 1975, § 26-12-7, which deals with limitations on commencement of paternity proceedings:
 "Proceedings under this chapter shall not be brought after the lapse of two years from the birth of the child, unless, in the meantime, the reputed father has legally acknowledged paternity or has supported said child."
The child was born in October, 1973. In July, 1976, the appellee allegedly stated to the Department of Pensions and Security that he was the father of the child. A paternity suit was filed against the appellee in March, 1977.
The State contends the acknowledgment of the child in 1976 was sufficient to toll the above noted statute of limitations. Such is not the case.
Evidence of supporting the child before the expiration of twoyears from the birth of the child and within two years before the complaint is necessary to toll the running of the statute of limitations. See Ward v. State, 42 Ala. App. 529,170 So.2d 500 (1964), cert. denied, 277 Ala. 703, 170 So.2d 504 (1965).
The supreme court in Hunter v. State, 293 Ala. 226, 227,301 So.2d 541, 542 (1974), while not an issue in the case, noted that:
 "The jury was orally charged by the trial judge that before it could decide the ultimate issue of paternity, it must first determine whether the defendant had supported the two children before the expiration of two years from the birth of the children and within two years prior to the filing of the complaint. . . ." [Emphasis supplied.]
The above cases clearly indicate and we so hold that in order for the statute of limitations to be tolled in a paternity proceeding under § 26-12-7, there must be acknowledgment or support of the child by the reputed father within two years of the child's birth. See Hunter v. State, supra; Ward v. State,supra.
This is further exemplified by the definition of "in the meantime" as it is used in § 26-12-7. This phrase has been defined as the time during the interval between two given dates. See 26A Words and Phrases *Page 463 Meantime; Eli Witt Cigar Tobacco Co. v. Somers, 99 Fla. 592,127 So. 333 (1930).
The two given dates in this instance are the birth of the child and the date two years after the birth. Support or acknowledgment must come "in the meantime," i.e., between the birth and two years after. Clearly, the evidence shows that the appellee did not make any acknowledgment within two years of the child's birth. In view of this, the two year statute of limitations was not tolled under § 26-12-7 and the trial court did not err in dismissing appellant's complaint.
The above being dispositive of the issues in this case, the trial court is hereby due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.