This is a paternity suit.
The dispositive issue is whether the suit is barred by Code of Alabama 1975, § 26-12-7. That code section is as follows:
 Proceedings under this chapter shall not be brought after the lapse of two years from the birth of the child, unless, in the meantime, the reputed father has legally acknowledged paternity or has supported said child.
The child involved in this action was born in January, 1970. The instant paternity action was filed against the purported father-appellee in September, 1978. The suit was dismissed in favor of the purported father and the State appeals.
Section 26-12-7 requires suit to be brought within the two years following the birth of the child. The record clearly indicates that this requirement was not satisfied.
The limitation period of § 26-12-7 may be tolled, however, by showing that the reputed father either legally acknowledged paternity or supported the child within the two-year period following the birth of the child. State v. Maddox, Ala.Civ.App., 358 So.2d 461 (1978). See, Hunter v. State,293 Ala. 226, 301 So.2d 541 (1974).
There is no evidence that the purported father supported the child.
At trial the purported father did admit that he orally acknowledged paternity shortly after the birth of the child. There was other testimony asserting that he made similar statements during the two-year period following birth. These acknowledgments, if legally sufficient, would have tolled the statute.
Tolling, however, does not abrogate the limitation period of § 26-12-7. Even after the reputed father has legally acknowledged paternity, suit must be brought against him within two years of the date of the acknowledgment.
In State v. Maddox, supra, at 462, this court stated:
 Evidence of supporting the child before the expiration of two years from the birth of the child and within two years before the complaint is necessary to toll the running of the statute of limitations. (Citations omitted.) (Emphasis supplied.)
See, Ward v. State, 42 Ala. App. 529, 170 So.2d 500 (1964),cert. denied, 277 Ala. 703, 170 So.2d 504 (1965). Under § 26-12-7, the effect of support and legal acknowledgment is the same. Either one will toll the statute. This court's statement in Maddox is, therefore, applicable here.
This suit was not filed within two years of the purported father's statements. The tolling provisions of § 26-12-7 do not prevent that section from barring this suit. Put another way, since the instant paternity action was not commenced within two years of the birth of the child nor within two years of the alleged statement of acknowledgment, it is barred by § 26-12-7. Therefore, the trial court's dismissal of the State's action was not error.
The above being dispositive of the issues in this case, we do not find it necessary to consider the legal sufficiency of appellee's acknowledgments of paternity.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1006