This is a paternity suit.
The State of Alabama, upon the petition of Patricia Crutcher, brought a paternity suit against Michael Miller. The trial court, after an ore tenus hearing, found Miller to be the child's father and ordered him to pay child support.
Miller, the reputed father, appeals, contending through able counsel (1) that the suit was time barred under § 26-12-7, Code of Ala. 1975, and that the trial court erred by denying Miller's motion to dismiss, and (2) that the trial court erred by requiring Miller to testify.
We find no error and affirm.
The record reveals the following facts:
The child involved in this suit was born on May 13, 1973. The instant paternity suit was filed in July of 1980.
At trial Crutcher, the child's mother, testified to the effect that Miller was the child's father; that Miller orally acknowledged paternity shortly after the child's birth; and that Miller gave her and the child money and other things for the benefit of the child. Specifically, Crutcher testified that Miller gave the child small amounts of money during the first two years of the child's life and that Miller continued to give the child small amounts of money from that time until 1980. In addition, Crutcher testified that Miller gave the child a Christmas present when the child was approximately two and a half years old; that Miller gave her $10 to buy the child an Easter suit in 1979; and that Miller gave her $10 to pay the child's doctor bill in 1980.
During the trial the State called Miller as a witness. Miller's counsel objected, stating as his ground the quasi-criminal nature of paternity proceedings. The trial court overruled the objection and permitted the State to examine Miller.
Miller, through counsel, contends that the suit was time barred by § 26-12-7, Code of Ala. 1975, and that the trial court erred by failing to dismiss the case.
Section 26-12-7, requires suit to be brought within two years of the birth of the child.[1] The record clearly indicates that this requirement was not satisfied.
The State, however, contends that the two-year limitation period was tolled when Miller orally acknowledged paternity and supported the child.
A legal acknowledgment of paternity will toll the two-year limitation period of § 26-12-7 and prevent that Code section from barring a suit. However, the legal acknowledgment must have been made within the two-year period following the child's birth and the suit must be brought within two years of the acknowledgment. State v. Hall, 388 So.2d 1004 (Ala.Civ.App. 1980); State v. Maddox, 358 So.2d 461 (Ala.Civ.App. 1978).
In the instant case there is evidence that Miller orally acknowledged paternity within two years of the child's birth, but it *Page 249 
is clear from the record that the suit was brought more than two years from the date of that acknowledgment. Therefore, Miller's acknowledgment of paternity does not prevent § 26-12-7 from barring the suit. State v. Hall, supra.
Evidence showing that the reputed father supported the child within the two years following its birth will also toll the limitation period and prevent § 26-12-7 from barring a suit. However, suit must be brought within two years of the date the reputed father last provided support. State v. Hall, supra;State v. Maddox, supra; Ward v. State, 42 Ala. App. 529,170 So.2d 500 (1964); cert. denied, 277 Ala. 703, 170 So.2d 504
(1965).
In the instant case there is evidence that Miller gave the mother and child money during the first two years of the child's life and that he continued to do so until the time suit was filed. While the total amount of those payments was quite small (approximately $30), the amount of money paid by the father is not controlling. Section 26-12-7 does not specify the amount of support necessary to toll the statute and it is not essential that the reputed father meet all of the child's material needs. The determinative question is whether, under the facts of the case, the payments constitute an acknowledgment of paternity. If the payments do constitute such an acknowledgment, the reputed father has supported the child within the meaning of § 26-12-7. See, Reynolds v. Richardson,62 Tenn. App. 269, 462 S.W.2d 233 (1970).
There is evidence in the instant case that Miller was, at all pertinent times, married to someone other than the child's mother. There is also evidence that the child's mother first met Miller at work, that she dated him for several months, became pregnant, and stopped dating him when she discovered that he was married. Finally, there is evidence that Miller consistently visited the child from the time of its birth. From these facts, we find that the trial court could, and apparently did, conclude that Miller gave the child money because he was its father and not for some other reason. Stated differently, there is evidence from which the trial court could conclude that Miller's payments constituted an acknowledgment of paternity.
For this reason, we find that the suit was not time barred and that the trial court did not err in denying Miller's motion to dismiss.
In addition to the above, Miller, through counsel, contends that paternity actions are quasi-criminal in nature; that the privilege against self-incrimination guaranteed by the Constitutions of the United States and Alabama apply to such proceedings; and that the trial court erred by requiring Miller to testify.
While § 26-12-3, Code of Ala. 1975, requires the State to prosecute paternity actions, the proceeding itself is civil in nature and is governed by the Alabama Rules of Civil Procedure.Everage v. Gibson, 372 So.2d 829, (Ala. 1979); Keener v. State,347 So.2d 398 (Ala. 1979); § 26-12-2, Code of Ala. 1975; Rule 81 (a)(9), A.R.C.P. See, State v. Horton, 373 So.2d 1093
(Ala.Civ.App.), affirmed on other grounds, 373 So.2d 1096 (Ala. 1979). Under Rule 43 (b), A.R.C.P., the plaintiff may call the defendant as a witness.
For this reason we find that the trial court did not err in requiring Miller to testify.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] The legislature has recently amended § 26-12-7 to extend the limitation period from two to five years. Act No. 81-698, Reg. Session, 1981. This amendment became effective May 21, 1981. *Page 250