This is an appeal from the denial of a motion by plaintiff-appellant, Bettye Lee Tolleson, to alter or amend an amended judgment of divorce or in the alternative for a new trial.
Wife's motion was grounded on a claim of inequitable division of real estate. Evidence of the parties' financial situation, past, present, and future was presented to the trial court ore tenus. The evidence, particularly that relating to the future prospects of the parties, tends to show the wife has excellent future prospects while the husband has little or none due to heavy indebtedness and poor health. A trial judge is vested with wide discretion when considering a party's motion for new trial. His decision as to such motion will be affirmed unless plainly and palpably erroneous. Williamson v. United FarmAgency of Alabama, Inc., 401 So.2d 759 (Ala. 1981). The scope of review of an order denying a motion under subdivision (e) of Rule 59, A.R.Civ.P., is whether there has been a manifest abuse of discretion. Nelson v. Nelson, 408 So.2d 101 (Ala.Civ.App. 1981), cert. denied, 408 So.2d 104 (Ala. 1982).
It would serve no particular purpose to set out the range of figures as to the value of real estate, title to which was held jointly by the parties. It is true, as contended by the wife, that substantially all of the real property was awarded to the husband. However, he was awarded all of the substantial indebtedness as well. It appears *Page 1332 
from the evidence that the business of the husband is failing and that a forced sale of the real estate will be necessary to recover any equity and to pay the award of $18,000 cash to the wife. The trial judge could have found from the evidence that the award of a cash sum to the wife, instead of realty, was to her best interest. In any event, he was in a better position than this court to determine the equities of the parties. In the absence of evidence of palpable abuse of discretion, this court is not authorized to reverse even though we might not have rendered the same judgment if sitting at the trial. We therefore affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.