EDWARD N. SCRUGGS, Retired Circuit Judge.
In this paternity case, the defendant has appealed from an adjudication that he is the father of the child in question. The State did not file a brief in this court.
The paternity complaint was issued on December 2, 1983. In the de novo trial in the circuit court, the mother testified that the defendant was the father of her daughter, who was born on June 16, 1975, and that, about one week after the baby and mother arrived home from the hospital, the defendant came to her residence and gave to her forty dollars for diapers and milk for the child. After that occasion the mother asked the defendant for child assistance, but, in each instance, he did not respond to her requests, but just ignored her. She stated that he gave $100 to her in September 1982. Both the mother and the nine-year-old child testified that the defendant told the child in October 1982 that he was *974 her father. According to the mother, the defendant gave to her sixty dollars for child support in January 1983. The defendant denied that he was the father of the child and negated and disaffirmed each of the above facts as to child support and the acknowledgment of paternity.
The trial court adjudged the defendant to be the father of the child and expressly found that the defendant acknowledged his paternity of the child and assisted in her support within the past five years and that he is legally obligated for the support of the child. The issue before us is whether the trial court erred in finding that the statute of limitations was tolled by the defendant’s support of the child or by his acknowledgment of paternity.
The paternity statute of limitations which applies in this case is the statute which was in effect at the time that the suit was filed on December 2, 1983. State v. Burks, 454 So.2d 1038 (Ala.Civ.App.1984). That statute provided as follows: “Proceedings under this chapter shall not be brought after the lapse of five years from the birth of the child, unless in the meantime, the reputed father has legally acknowledged paternity or has supported said child.” § 26-12-7, Ala.Code (1975).
The June 1975 payment of forty dollars was made 8.5 years before the proceedings were brought. After a reputed father has supported a child, suit must be brought against him within five years of the date that he last provided child support. Miller v. State, 403 So.2d 247 (Ala.Civ.App.1981). The same rule applies to an acknowledgment of paternity. State v. Hall, 388 So.2d 1004 (Ala.Civ.App.1980). Since there were no intervening payments of support and no paternity acknowledgment between the June 1975 payment and June 1980, the statute of limitations became a bar to this action in June 1980, which was five years after the forty dollar June 1975 payment.
The September 1982 payment of $100, the October 1982 acknowledgment to the child that he was her father (if that was a legal acknowledgment), and the January 1983 payment of sixty dollars were each events which occurred after the statutory period of five years had run its course. They each came too late to toll the running of the five-year statute of limitations which had already barred these paternity proceedings. State v. Hall, 388 So.2d 1004 (Ala.Civ.App.1980); State v. Maddox, 358 So.2d 461 (Ala.Civ.App.1978).
Accordingly, this paternity proceeding was barred by the five-year statute, and the trial court erred in holding that the running of the statute of limitations was tolled. The judgment of the circuit court is reversed, and this case is remanded to that court for the entry of a judgment which is not inconsistent with this opinion.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.