The October 1984 judgment which divorced the parties ordered Mr. Hulsey (father) to pay weekly child support of $125 to Mrs. Nina Hulsey (mother). In the latest litigation, the mother sought a rule nisi for the father's nonpayment of child support. After an ore tenus trial, the father was adjudged on February 25, 1988 to be in civil contempt of court for his past failure to pay a total of $19,599 for such child support, and a judgment was entered against him for that amount. He was further ordered to be incarcerated in the county jail until he purges himself of that contempt by paying $7,500. The father was released on bond and he here seeks a writ of certiorari as to that contempt adjudication.
The father's prayer for a decrease in his child support payments was denied and he separately appealed from that ruling.
His petition for a writ of certiorari and his appeal have been consolidated. The father, through able counsel, raises four major issues.
 I.
Any defects in the mother's motion for a rule nisi or in her affidavit thereto were waived by the following, which occurred on the first day of the trial. Before the testimony began, it was agreed on behalf of the father that the trial could proceed as to the contempt matter, and the father's answer to the mother's motion for a rule nisi was dictated into the record at that time, but it did not in any manner question, attack, or put in issue such alleged defects.
 II.
The mother called the father as an adverse witness and the father asserted his privilege against self-incrimination. The trial court required the father, over his objections, to answer the mother's questions. The father was interrogated as to facts concerning whether he was in contempt of court. The father contends that his answers caused him to be adjudged in contempt of court with a consequent order that he be jailed on that account until he purges himself by paying $7,500. There is no contention under this issue that the father was forced to incriminate himself as to a crime, only that he was made to incriminate himself as to the contempt of court matter for which he was ordered jailed.
The privilege against self-incrimination as to crimes is available not only to the accused in a criminal action, but also to a party or to a witness in a civil action. This contempt proceeding is civil in nature. Its purpose is to enforce compliance with a previous court order rather than to punish as for a criminal contempt of court. Being a civil action, one party is allowed to call an adverse party as a witness. Rule 43(b), Alabama Rules of Civil Procedure. The father's testimony did not incriminate him in the commission of any criminal offense but concerned only the alleged violations of the child support order.
The closest Alabama case in point that our research has revealed is Miller v. State, 403 So.2d 247 (Ala.Civ.App. 1981), which was cited to us by the attorney for the mother. During the paternity trial of Miller, the alleged father, he was called as a witness and his counsel objected on the ground that paternity proceedings are quasi-criminal in nature. The trial court overruled the objection and permitted the State to examine Miller. The trial court found Miller to be the child's father. Miller appealed and argued that paternity actions are quasi-criminal in nature and that the privilege against self-incrimination applies to such proceedings. We decided that the trial court did not err in requiring Miller to testify.Miller, 403 So.2d at 249.
For the above reasons, we hold that the trial court did not err in requiring the father to testify in this civil contempt action to matters concerning whether he violated *Page 77 
the trial court's October 1984 child support judgment.
 III.
The father next contends that he lacks the ability to pay the past-due child support and that his present financial plight is a total defense to the contempt proceedings.
Where a parent is ordered to pay child support and fails to do so, the paying parent's lack of ability to pay any delinquency therein is a complete defense to a civil contempt proceeding thereon; and, further, when the paying parent in such a contempt action proves that he is not financially able to pay the delinquent child support, the burden of proof shifts to the receiving parent to prove beyond a reasonable doubt that the payor is financially able to comply with the judgment of support. Dawson v. Dawson, 453 So.2d 1054 (Ala.Civ.App. 1984). In determining whether the father was able or not to purge himself of contempt, the trial court could consider his earnings, assets, and any other apparent source which was available therefor and the total value thereof. Murphy v.Murphy, 447 So.2d 798 (Ala.Civ.App. 1984).
The father was a truck driver and, on January 28, 1988, the last day of the trial, he had been unemployed since October 10, 1987. He had practically no cash on hand nor in his bank account. He has resided with his mother since his mobile home burned not long before the last trial date. The father owned the following: (1) a homesite consisting of .36 of an acre of land, the value of which is undisclosed by the record; (2) a wrecked 1978 Ford Thunderbird automobile worth around $500 which he still drives; (3) a 1986 Yamaha four-wheeler worth $200; and (4) a 1977 Peterbilt tractor-truck which he purchased in 1985 for $17,500. The mobile home, homesite, automobile and tractor-truck constitute the security in a mortgage which was given to purchase the tractor-truck. The balance of that debt is about $10,000. The mobile home was insured for $10,000 and the fire insurance proceeds are expected to pay all, or practically all, of the remaining mortgage indebtedness.
It was reasonable for the trial court to believe the father's testimony that the fire insurance proceeds would extinguish the mortgage debt. The automobile, homesite, and the tractor-truck (along with the presently unencumbered four-wheeler) would then be free from indebtedness and those assets would then be available and sufficient to provide the payment of the $7,500 purge money.
In contempt of court cases, "our scope of review is limited to questions of law and whether there is any legal evidence to support the trial court's findings. Mims v. Mims, 442 So.2d 102
(Ala.Civ.App. 1983)." Vaughn v. Vaughn, 507 So.2d 960
(Ala.Civ.App. 1987). As we have above indicated, there was evidence that the father owned assets of a sufficient value from which he could realize the $7,500 and purge himself from contempt of court. It is noteworthy that the amount set by the trial court that the father must pay in order to purge himself was considerably less than his total arrearage. The $7,500 does not exceed the value of assets which are available to him and from which he may raise the purge money.
We find no error regarding issue III.
For the reasons stated as to issues I, II and III, we have no alternative but to deny the father's petition for a writ of certiorari in Civ. 6443.
 IV.
The father's last issue concerns whether the trial court should have reduced, or temporarily suspended, the father's child support payments until he becomes gainfully employed. Because of the great abundance of cases concerning this problem, we will not detail any further facts.
The modification of a prior child support judgment because of changed conditions of the parties falls within the trial court's discretion and will not be disturbed on appeal unless it is shown that the trial court plainly and palpably abused that discretion. Spragins v. Spragins, 501 So.2d 478
(Ala.Civ.App. 1987); Holman v. Holman, 435 So.2d 98 (Ala.Civ.App. 1983). We have carefully reviewed all of the record. The ore tenus rule applies. The trial *Page 78 
court's order denying the father's modification request was not palpably wrong. The trial court did not abuse its discretion. The holding of the trial court is affirmed in Civ. 6443A.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
Civ. 6443 — WRIT OF CERTIORARI DENIED.
Civ. 6443A — AFFIRMED.
All the Judges concur.
 ON APPLICATION FOR REHEARING