This appeal arises from postdivorce proceedings.
The parties were divorced in August 1988 in the Circuit Court of Houston County. There were three children born of the marriage. The wife was awarded custody of the parties' only minor child and the husband was ordered to pay $650 per month child support. The husband was further ordered to pay $3,500 a month in periodic alimony to the wife. This amount was later increased to $4,000.
In May 1990 the wife filed a motion to freeze the proceeds from the husband's sale of a beach condominium, and this motion was granted. The wife also filed a petition for contempt, alleging that the husband was in arrears for past-due child support and alimony payments. The husband subsequently filed a petition for modification of alimony and child support.
After an ore tenus proceeding, the trial court entered an order finding that the husband was in contempt and ordering him to pay $51,140 in arrears for child support and alimony. The court ordered the husband to reduce the arrearage by paying $500 per month thereafter and by surrendering to the wife the proceeds from the sale of the beach condominium to be applied toward the arrearage. The court found that there existed a material change in circumstances, based on the husband's reduced earnings, and lowered the husband's alimony obligation to $2,500 per *Page 742 
month. The husband's child support obligation was continued at $650 per month.
The husband filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. This motion was denied and the husband appeals. The wife has filed a cross-appeal challenging the trial court's modification of alimony.
We recognize from the outset that the award and modification of child support and alimony are within the sound discretion of the trial court, and its judgment on such issues is presumed correct. Davis v. Davis, 518 So.2d 156 (Ala.Civ.App. 1987). This presumption of correctness is strengthened where a motion for new trial has been denied, Tolleson v. Tolleson,424 So.2d 1331 (Ala.Civ.App. 1983), and the court's judgment cannot be reversed on appeal unless there has been a plain and palpable abuse of the court's discretion. Bradley v. Corbett,567 So.2d 358 (Ala.Civ.App. 1990).
The first issue, raised by both parties, is whether the trial court erred in modifying the husband's alimony obligation. The husband argues that the trial court erred by failing to eliminate alimony altogether. On cross-appeal, the wife argues that the court erred in reducing it.
The purpose of periodic alimony is for the financial support of the recipient spouse and may be modified at any time that there is a change in the financial circumstances of either or both spouses. Boudreaux v. Boudreaux, 550 So.2d 1030
(Ala.Civ.App. 1989). In making its determination, the court should consider such factors as the recipient spouse's financial needs, the amount of the estate of each spouse, the ability of the payor spouse to respond to the recipient spouse's needs, the ability of each spouse to earn income, and the remarriage of either party. Boudreaux.
The record shows that just prior to the time of divorce the husband earned $80,000 per year as a partner in Whatley-White, Inc., a trucking business. Immediately thereafter, the husband was forced to sell his share of the partnership in return for $25,000 cash and a $75,000 promissory note from the corporation. In addition, the husband entered into a five-year consultant agreement with Whatley-White for $80,000 per year. The husband also owned a beach condominium and a mobile home in Florida, as well as a condominium in Tuscaloosa.
In 1989 Whatley-White, Inc. filed for bankruptcy. As a result, the husband has not been able to collect the $75,000 promissory note and lost the five-year consultant job. The husband returned to work for the corporation briefly but was soon involuntarily dismissed. The husband subsequently sold the beach condominium.
The husband testified at trial that he has earned no income since his final dismissal from Whatley-White. The husband stated that he has sent out a number of resumes and has unsuccessfully interviewed for jobs in the trucking industry. He further testified that he has worked as an independent real estate agent since May 1990, but has earned no income from this effort. The husband's living expenses total more than $3,000 per month, which he claims are paid by his new spouse.
The record shows that the wife owns a women's apparel shop, and owes over $235,000 upon the building and the inventory. These debts were outstanding at the time of the divorce. At trial the wife testified that she was unsure of the business's net assets or even of her own worth.
The substantial amount of periodic alimony ordered in the divorce decree was based on the husband's ability to earn at least $80,000 per year. It is apparent that the trial court considered the husband's loss of actual earnings, as well as the wife's own ability to earn, when it granted him a reduction in the alimony obligation. However, while the husband's earnings have decreased, there is no evidence that hisability to earn has been irrevocably diminished. On the contrary, the husband has begun a new career in a potentially lucrative field and maintains a comfortable lifestyle. At the same time, the financial problems that the wife faced at the time of the divorce have worsened. In light of these factors, we do not find that the trial court *Page 743 
erred in reducing the wife's alimony, nor did it err in refusing to eliminate it altogether. The trial court's judgment on this issue is therefore affirmed.
The husband next claims that the trial court erred in finding him in contempt and ordering him to pay $51,140 in arrearage. The husband reiterates the evidence as reviewed above, and states that the arrearage was produced because of his inability to pay his obligations.
In contempt of court cases, the proper means of review is by certiorari; however, we may treat an appeal of contempt as a petition for certiorari, and we choose to do so in this case.Uhls v. Uhls, 551 So.2d 1065 (Ala.Civ.App. 1989). Our review is limited to questions of law and whether there is any legal evidence to support the trial court's findings. Ex parteHulsey, 536 So.2d 75 (Ala.Civ.App. 1988).
The husband correctly states that an inability to pay support is a complete defense in a contempt proceeding.Hulsey. However, the record indicates that during at least part of the time that arrearage accrued, the husband did have assets with which to pay his alimony and child support obligations. Moreover, the husband did not seek a modification of these obligations even after the time he claims that his earnings rapidly diminished. In light of this evidence, we cannot say that the trial court's finding of contempt is wholly unsupported by the evidence; thus, it is due to be affirmed.
The final issue raised by the husband is whether the trial court erred in failing to reduce or eliminate child support.
To settle the issue of child support modification, the trial court must balance the child's needs with the parent's ability to pay. Spragins v. Spragins, 501 So.2d 478
(Ala.Civ.App. 1987). Here, there were three daughters born of the marriage, but only one of them was a minor at the time of the divorce. The record indicates that child support was awarded for the support of this child alone; however, the record is completely devoid of evidence concerning her needs and how they have changed. The only evidence presented on this issue is in regard to the parties' twenty-three-year old daughter, who has graduated from college and is just beginning a new job. There is nothing in the record to show that this daughter was ever included in the original award of child support, nor is there any mention of the parties' third daughter who is also past the age of majority.
In the record, the trial court indicated that its judgment would be based in part on evidence that was taken during the initial divorce proceeding. The trial court also alluded to its independent recollection of various factors. Where there is evidence before the trial court that is not preserved for the appellate court, the evidence is conclusively presumed to support the trial court's decree. Rush v. Rush, 551 So.2d 1075
(Ala.Civ.App. 1989). Here, it is apparent that some of the evidence that was considered by the trial court concerning this issue is not included in the record for our review. Accordingly, we must affirm the trial court's judgment on this issue.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.